# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**04-1408**


**KERRY J. WRIGHT**

**VERSUS**

**COASTAL FABRICATION, L.L.C., ET AL.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 97613-E
HONORABLE KEITH R.J. COMEAUX, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**SYLVIA R. COOKS**
**JUDGE**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders and Glenn B. Gremillion, Judges.

**AFFIRMED.**


Theodore M. Haik, III
Haik, Minvielle & Grubbs, L.L.P.
1017 E. Dale St.
P.O. Box 11040
New Iberia, LA   70562-1040
(337) 365-5486
COUNSEL FOR PLAINTIFF/APPELLANT:
 Kerry J. Wright


John F. Wilkes, III
Lisa E. Mayer
Borne & Wilkes, L.L.P.
200 West Congress St., Suite 1000
P.O. Box 4305
Lafayette, LA  70502-4305
(337) 232-1604
COUNSEL FOR INTERVENER:
 Employers Self Insured Fund

**F.A. Courtenay, Jr.**
**David M. Flotte**
**Kirk M. Aurandt**
**Courtenay, Hunter & Fontana, L.L.P.**
**Texaco Center - Suite 1540**
**400 Poydras Street**
**New Orleans, LA 70130**
**(504) 566-1801**
**COUNSEL FOR DEFENDANT/APPELLEE:**
　　　**Louisiana Safety Consultants, Inc.**

**COOKS, Judge.**

Kerry Wright, an injured worker, and Employers' Self Insured Fund, who intervened seeking to recover any workers' compensation benefits and medical expenses awarded, appealed the trial court's granting of Louisiana Safety's motion for summary judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 27, 2001, plaintiff, Kerry Wright, was seriously injured when he fell from scaffolding he was working on at the yard of Coastal Fabrications. Wright was a general laborer who was provided to Coastal by Total Staffing, an employment leasing agency. At the time of the accident, Louisiana Safety Consultants was under contract to Coastal to provide services involving workplace safety. The contract began in February 2001, and required Louisiana Safety to visit Coastal's site five times per month to conduct one complete safety audit and four mini safety audits. Louisiana Safety was also to conduct safety meetings on the visits and coordinate training programs. Coastal maintained its own safety committee, which determined what topics were covered at the safety meetings.

After its May 2001 inspection, Louisiana Safety recommended to Coastal that all scaffold erection and use should be suspended until a qualified person was appointed to train Coastal's employees. It also recommended that all scaffolding meet OSHA standards and be inspected daily. Ron Olivier, the president of Louisiana Safety, offered to have his company train Coastal's personnel in scaffold erection and use. Coastal declined this offer, even though it was recommended by Anna Armand, who negotiated the contract with Louisiana Safety on Coastal's behalf .

Coastal instead contracted with Specialized Services to supply a qualified scaffolding foreman. Coastal also hired some qualified scaffold workers and

employed other workers provided by Total Staffing. Plaintiff was a general laborer provided by Total Staffing and was not trained for work on scaffolding. Louisiana Safety had no connection with plaintiff.

On the morning of the accident, LSC conducted a safety meeting at Coastal which plaintiff attended. Dennis Vaughan, who conducted the meeting for Louisiana Safety, stated he instructed all employees to tie off their safety harnesses if they were working on four foot or higher scaffolding. After the meeting, Vaughan departed the premises.

Following the meeting, Coastal, at plaintiff's request, allowed him to work as a scaffold builder despite his lack of training. Shortly thereafter, plaintiff fell from the scaffolding and suffered serious injury because he failed to secure his safety harness.

Plaintiff filed a personal injury lawsuit against Coastal, Specialized Services, Louisiana Safety and their various insurers seeking damages for the injuries suffered in the fall. Louisiana Safety was made a defendant in a Petition of Intervention filed by intervener, Employers Self Insured Fund, that sought to recover any workers' compensation benefits and medical expenses paid to or on behalf of plaintiff as a result of his injuries.

Louisiana Safety filed a motion for summary judgment, contending it did not breach a duty owed to plaintiff. After numerous continuances and the filing of memoranda, a hearing was held. After taking the matter under advisement, the trial court rendered judgment in favor of Louisiana Safety granting the motion for summary judgment. Shortly after this judgment was rendered, plaintiff informed the court he had settled all claims against Coastal, Specialized Services and Employers'. Plaintiff and Employers' appealed the trial court's granting of Louisiana Safety's

motion for summary judgment.

## ANALYSIS

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits, if any, show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). If there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law, the motion for summary judgment "shall be granted." La.Code Civ.P. art. 966(C)(1).

The burden of proof on a motion for summary judgment is set forth in La.Code Civ.P. art. 966(C)(2):

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In its reasons for judgment the trial court framed the issue before it as follows: "[W]hether Louisiana Safety owed a duty of due care to plaintiff which has been breached." The trial court gave the following reasons for finding Louisiana Safety

did not breach any duty that may have been owed to plaintiff:

> First, the court finds that the evidence clearly shows that Louisiana Safety did not own the scaffolding in question and had no involvement in the building of the scaffolding. The contract does not provide that Louisiana undertake the responsibility for erecting the scaffolding. Even Anna Armand, Coastal's supervisor, testified that Louisiana was not hired to act as a safety supervisor or to supervise the safe erection of the scaffolding. Shane Roberts, Coastal's superintendent at the time of the accident, also testified that Louisiana did not erect the scaffolding and was not responsible for supervising Kerry Wright at the time of the accident. In fact, the evidence shows that Kerry Wright was under the direct supervision and control of the Mark Laughrey, the scaffolding foreman provided by Specialized Services.

> Further, John Scanlon testified that Louisiana Safety did not have the responsibility of training the employees of Total Staffing. He stated that this was the responsibility of Coastal. The evidence shows that Louisiana Safety spent only about 2 hours per week at the Coastal yard and purely on a consultant basis. Dennis Vaughan, an employee of Louisiana Safety, conducted an early morning safety meeting on the morning of the accident at Coastal's facility. One of the subjects of the meeting included personal protective equipment and fall protection. In addition, Vaughan advised the workers at the meeting that if they were on a scaffold more than 4 feet high, they should "tie on" their lanyard. Plaintiff attended this meeting and the meeting was concluded prior to plaintiff's accident. Mr. Vaughan left Coastal's premises before the accident. The evidence also shows that Wright did not normally work on the scaffolding but ask[ed] to do so because his other task for the day was canceled due to rain. The scaffolding supervisor told Wright to "tie on" when he was scaffolding but Wright failed to do so.

Plaintiff argues the trial court erred in finding that "Louisiana Safety did not owe a duty of care" to him. This argument fails to note that even if it were found Louisiana Safety owed a duty of care, there is nothing in the record to indicate this duty was breached. Under Louisiana law, when a plaintiff alleges negligence on the part of a defendant, the court undertakes a duty-risk analysis, which consists of the following four-prong inquiry:

> (1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?

(2) Did the defendant owe a duty to the plaintiff?

(3) Was the duty breached?

(4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?

See *Mart v. Hill*, 505 So.2d 1120 (La.1987); Roberts v. Benoit, 605 So.2d 1032 (La.1991).

A review of the contract indicates Louisiana Safety did not assume any responsibility for any facet of Coastal's scaffolding. It did not own or have any involvement in the building or supervision of the scaffolding from which plaintiff fell. Anna Armand, who, on behalf of Coastal, entered into the contract with Louisiana Safety, stated in her affidavit that "Coastal never hired Louisiana Safety to act as a safety supervisor to perform general supervision of safety or to supervise or monitor the safe erection of scaffolding at Coastal's New Iberia facility." Armand's affidavit also clearly notes that Louisiana Safety conducted the meetings and made safety recommendations as required under the contract. Louisiana Safety did not have the authority or ability to implement any of their recommendations; that was up to Coastal. Louisiana Safety did not breach any duty of care owed to plaintiff under any recognized theory of recovery.

We find the trial court did not err in granting Louisiana Safety's motion for summary judgment. Thus, for the following reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed equally to appellants.

**AFFIRMED.**