# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**05-498**


**RICHARD ROMERO**

**VERSUS**

**GREY WOLF DRILLING COMPANY**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 76324-G
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**J. DAVID PAINTER**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and
J. David Painter, Judges.


**AFFIRMED.**


**L. Clayton Burgess**
**Post Office Drawer 5250**
**Lafayette, LA 70502-5250**
**Counsel for Plaintiff-Appellant:**
  **Richard Romero**

**Jennie P. Pellegrin**
**One Petroleum Center, Suite 200**
**1001 West Pinhook Road**
**Lafayette, LA 70503**
**Counsel for Defendant-Appellee:**
  **Grey Wolf Drilling Company**

**PAINTER, Judge**

Plaintiff, Richard Romero, filed the instant action in negligence against Grey Wolf Drilling Company ("Grey Wolf"). Grey Wolf moved for summary judgment based on assertions that Grey Wolf owed no duty to Plaintiff under the facts of this case. The trial court granted summary judgment in favor of Grey Wolf and Romero now appeals, alleging that the evidence submitted by Grey Wolf in support of its motion for summary judgment was insufficient. For the following reasons, the summary judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 25, 2000, Plaintiff injured his right ankle when a joint of drill pipe rolled onto it. Plaintiff had climbed onto the pipe rack to position a piece of pipe that had been removed from the well by a laydown machine operated by his co-worker, Ricky Alleman. According to Plaintiff's own description, on this particular occasion, he put boards down across the pipe rack so a new layer could be started and he then signaled Alleman to let the pipe joint come to him. He stepped over the pipe joint with one foot but did not step quickly enough to avoid injury to his other ankle.

At that time, Plaintiff was employed as a lead laydown operator by Offshore Energy Services, Inc. ("OES") and was working at Grey Wolf's rig 611 drilling location. Austral Oil & Gas ("Austral") was the well operator and had a contract with OES for the laydown services. No Grey Wolf employee participated in the laydown operations.

Plaintiff filed suit against Grey Wolf, alleging that Grey Wolf was "short-handed in laying down drill pipe" and negligent in "keeping and maintaining inadequate crews which caused unreasonably safe [sic] and dangerous conditions to other people in the area" and in "creating an unsafe condition at the job site."

1

Grey Wolf moved for summary judgment on the ground that it owed no duty to Romero in this situation. In support of its motion, Grey Wolf submitted the affidavit of the Operations Manager for OES, Glenn Hohensee. According to Hohensee, neither Grey Wolf nor any of its employees furnished the equipment necessary to perform the laydown operations. Hohensee's affidavit also stated that there was no contract between Grey Wolf and Plaintiff's employer, OES, relative to the work performed by Plaintiff on the day of the accident and that Grey Wolf was not contractually bound to furnish roustabouts or other employees to either roll pipe or to help employees roll pipe. Further, according to Hohensee's affidavit, Grey Wolf had no input in the control or direction of the work that Plaintiff performed at its rig 611 or in the supervision of OES employees. Grey Wolf also submitted the affidavit of Plaintiff's co-worker, Ricky Alleman, who stated that neither he nor Plaintiff told anyone at the drilling location that they needed assistance to roll the joints of pipe as they were released from the laydown machine. Alleman also stated that Plaintiff never told him that he needed assistance in placing the joints of pipe.

The trial court rendered judgment in favor of Grey Wolf granting the motion for summary judgment. Plaintiff appeals, alleging that Grey Wolf did not have the proper evidence to carry their burden of proof on summary judgment.

### DISCUSSION

This court reviews summary judgments *de novo*, under the same criteria which govern the district court's consideration of the appropriateness of summary judgment. *Wright v. Coastal Fabrication, L.L.C.*, 04-1408 (La.App. 3 Cir. 4/6/05), 899 So.2d 131 (citing *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991)). Thus, we must determine whether any genuine issues of material fact

exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. arts. 966(B) and (C).

Louisiana Code of Civil Procedure Article 966(C)(2) sets forth the applicable burden of proof:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In this case, the inquiry on *de novo* review centers on whether Grey Wolf owed a duty of care to Romero. In ruling for Defendant on its motion for summary judgment, the trial court stated as follows:

> . . . I find that there is no genuine issue of material fact that Grey Wolf had no duty to provide assistance in the laydown operation, specifically the roll down of the pipe's operation. The fact that help was gratuitously given on other occasions when manpower was available, does not establish a duty. I don't think I get to the question of whether or not there was any negligence. I will simply say that there is no dispute, no material issue of fact regarding the dispute about the duty. I think it's clear from the facts of the case that there was no duty on the part of Grey Wolf , and that they are entitled as a matter of law to Summary Judgment in this case.

In brief, Plaintiff summarizes his complaint as follows: "Presumably, had Grey Wolf provided hands to assist with the laydown operations, Mr. Romero would not have had to get on the top of the pipe rack and therefore, would not have gotten injured." In its motion for summary judgment, Grey Wolf disputed Plaintiff's allegation that Grey Wolf had a duty to perform or to help perform the laydown operation in which Plaintiff was engaged at the time of his injury. Louisiana Code of Civil Procedure Article 966(C)(2) does not require Grey Wolf to negate all essential elements of Romero's claim, but "rather to point out to the court that there

3

is an absence of factual support for one or more elements essential to plaintiffs' claim." *Carrier v. Grey Wolf Drilling Co.*, 00-1335, p. 4 (La. 1/17/01), 776 So.2d 439, 441. In support of the motion, Grey Wolf submitted the affidavits of Hohensee and Alleman, as described above, and the depositions of Plaintiff and Art Gunnells, the safety manager for OES. We agree with the trial court that the evidence submitted by Grey Wolf establishes that Grey Wolf had no duty to provide assistance in the laydown operation and that there is no genuine issue of material fact in that regard.

Once Grey Wolf satisfied its burden, the burden shifted to Plaintiff to provide any factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial. Plaintiff attempted to rely on his own deposition and the deposition of Gunnells in arguing that Grey Wolf did owe a duty to Plaintiff. This attempt is simply insufficient to establish that Plaintiff would be able to carry his evidentiary burden at trial.

This court has recently noted that:

Under Louisiana law, when a plaintiff alleges negligence on the part of a defendant, the court undertakes a duty-risk analysis, which consists of the following four-prong inquiry:

(1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?

(2) Did the defendant owe a duty to the plaintiff?

(3) Was the duty breached?

(4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?

*Wright v. Coastal Fabrication, L.L.C.*, 04-1408, pp. 4-5 (La.App. 3 Cir. 4/6/05), 899 So.2d 131, 134-135 (citing *Mart v. Hill*, 505 So.2d 1120 (La.1987) and *Roberts v. Benoit*, 605 So.2d 1032 (La.1991)).

4

A review of the evidence establishes that Grey Wolf did not assume any responsibility for any facet of the laydown operations performed by Plaintiff. It did not own any of the equipment used by Plaintiff. It did not supervise, and had no duty to supervise, the laydown operations. Plaintiff's argument that the trial court erred in finding that Grey Wolf did not owe him a duty of care fails to note that even if Grey Wolf owed a duty, there is nothing in the record to show that Grey Wolf breached any duty owed to Plaintiff under any recognized theory of recovery. *See Wright*, 899 So.2d 131.

## DECREE

For the foregoing reasons, we find that the trial court did not err in granting Grey Wolf's motion for summary judgment. Therefore, the trial court's judgment dismissing all claims of Romero against Grey Wolf with prejudice is affirmed. Costs of this appeal are assessed to Plaintiff-Appellant, Richard Romero.

**AFFIRMED.**